# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



#### MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**

      **JUDGE**

## LETTER OPINION

June 9, 2007

Adam J. Gutride
Gutride Safier LLP
835 Douglass Street
San Francisco, CA 94114

Bruce D. Greenberg
Lite, DePalma, Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
(*Attorneys for Plaintiff*)

Daniel A. Pollack
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036

Gregory J. Hindy
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(*Attorneys for Defendant*s)

    **Re: Stephen Alexander, et al. v. Franklin Resources, Inc., et al. (Civ. No. 07-848);**
       **Donald Ulferts, et al. v. Franklin Resources, Inc., et al. (Civ. No. 07-1309)**

Dear Counsel:

    This matter comes before the Court on Plaintiffs Stephen A. Alexander and Donald
Ulfert's motion to transfer the above-captioned matters back to the United States District Court

for the Northern District of California.  Plaintiffs makes their motion under 28 U.S.C. § 1404(a).
For the following reasons, Plaintiffs' motion is **DENIED**.

## BACKGROUND

On March 2, 2004, Plaintiff Stephen A. Alexander ("Alexander") instituted an action on
behalf of his individual retirement account against Franklin Resources, Inc., and certain of its
subsidiaries and affiliates.  The action challenged the defendants' brokerage practices under the
Investment Company Act of 1940, 15 U.S.C. § 80a-1 *et seq.*, the Investment Adviser Act of
1940, 15 U.S.C. § 80b-1 *et seq.*, the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1 *et
seq.*, and various state common law theories.  Over the next three years, this Court issued a series
of decisions culminating in the dismissal of Alexander's action on March 13, 2007.  *See In re
Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2004); *In re Franklin Mut. Funds
Fee Litig.*, No. 04-982, 2005 U.S. Dist. LEXIS 36429 (D.N.J. Dec. 28, 2005); *In re Franklin
Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677 (D.N.J. Mar. 13, 2007) (collectively, "*In re Franklin
Mutual Funds*").

On November 16, 2006, while *In re Franklin Mutual Funds* was pending before this
Court, Alexander filed a virtually identical action in the United States District Court for the
Northern District of California.  He brought this suit against Franklin Resources, Inc., and two of
its affiliates ("Defendants").  Additionally, Alexander's attorneys filed a similar complaint on
behalf of Plaintiff Donald Ulferts in the Northern District of California (the "Ulferts Action").  In
both actions (the "California Action"), the plaintiffs allege essentially the same facts as in *In re
Franklin Mutual Funds*.  The main difference, however, is that the California Actions are
premised on violations of the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, and the Securities
Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*, while *In re Franklin Mutual Funds* is premised
on alleged violations of the Investment Company Act and the Investment Advisers Act.

Alexander moved to transfer his action in California to this Court for consolidation with
*In re Franklin Mutual Funds*.  On February 14, 2007, Judge Susan Illston of the Northern District
of California granted his motion and transferred the matter to this Court under 28 U.S.C. §
1404(a).[1]  *Alexander v. Franklin Res., Inc.*, No. 06-7121, 2007 U.S. Dist. LEXIS 19727 (N.D.
Ca. Feb. 14, 2007).  Applying § 1404(a), Judge Illston held that "the interests of justice weigh
strongly in favor of transfer." *Id*. at *7.  Specifically, she found that the allegations in the action
and the allegations in *In re Franklin Mutual Funds* were substantially similar.  *Id*. at *8.  Judge
Illston also noted that all of the parties to his action were parties to *In re Franklin Mutual Funds*.
*Id*. at *8.  Furthermore, Judge Illston afforded little weight to Alexander's choice of forum in
California because it appeared that he was engaging in forum shopping by filing suit there.  *Id*. at
*11.  On this point, Judge Illston noted:

---

[1]This statute allows a district court to transfer a matter "to any other district ... where it
might have been brought" if "[f]or convenience of the parties" or "in the interest of justice."  28
U.S.C. § 1404(a).

> One could reasonably infer forum shopping here, where the same
> plaintiff represented by the same law firm filed a similar lawsuit in New
> Jersey, and after receiving unfavorable rulings from that court, filed the
> instant case.  At the hearing, plaintiffs' counsel explained that they
> chose this district because defendants are located in San Mateo,
> California.  However, defendants have always resided in this district,
> and the Court is not satisfied with plaintiffs' explanation.  Accordingly,
> the Court disregards plaintiffs' choice of forum.

*Id*.  Judge Illston then found that both the Northern District of California and the District of New Jersey provided a similar ease to litigating the issues raised in the California Actions.  *Id*. at 11.  Finally, Judge Illston discounted Alexander's argument that the Northern District of California was a more convenient forum for Defendants' employees to testify as witnesses.  *Id.* at 12.  She based this finding on Defendants' representation that the same employees would also be testifying in *In re Franklin Mutual Funds* should a trial occur.  *Id.*

Based on Judge Illston's decision, Defendants agreed to transfer the Ulferts Action to this Court.  Plaintiffs now move to "re-transfer" the California Actions to the Northern District of California.[2]  They argue that Judge Illston transferred the California Actions "[s]olely on the basis of the pendency ... of Mr. Alexander's claims" before this Court.  (Pls.' Mem. at 2.)  Accordingly, Plaintiffs contend that, since this Court dismissed *In re Franklin Mutual Funds* shortly after the California Actions were transferred, "Judge Illston's entire basis for transferring the [actions] no longer exists, as [this case] has been dismissed with prejudice."  (Pls.' Mem. at 2.)  Plaintiffs also argue, *inter alia*, that transferring this matter is advantageous, since all of Defendants' conduct occurred there.  (Pls.' Mem. at 2-3.)  Therefore, Plaintiffs ask the Court to send the California Actions back to California.  Plaintiffs' motion is now before the Court.

## DISCUSSION

Defendants argue that, under the doctrine of "law of the case," this Court is constrained from re-transferring the California Actions back to the Northern District of California.  The Court agrees.  The law of the case doctrine generally forbids one district court from reconsidering issues that another district court decided in the same case.  *See In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998).  The doctrine applies "as much to the decisions of a coordinate court in the same case as to a court's own decisions."  *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988).  Because it prevents courts from entertaining endless litigation of the same issue, the doctrine promotes finality and judicial economy.  *Pub. Interest Research Group v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997); 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478 (2007).  The law of the case doctrine, though, is not absolute.  A district court may reconsider a previous decision

---

[2]Plaintiff Donald Ulferts joined into Plaintiff Alexander's motion to transfer.  (Pls.' Reply Mem. at 8.)

that has become law of the case under four circumstances: (1) where the transferor judge becomes unavailable, thereby precluding a party from filing a motion for reconsideration; (2) where new evidence is available; (3) where a supervening change in law occurs; or (4) where the decision was clearly erroneous and would work a manifest injustice.  *See In re City of Phila. Litig.*, 158 F.3d at 718; *Bridge v. United States Parole Com.*, 981 F.2d 97, 103 (3d Cir. 1992).

The Third Circuit applied the law of the case doctrine to prevent the re-transfer of an action in *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982).  In *Hayman*, the District Court for the District of Columbia transferred an action to the District of New Jersey under 28 U.S.C. § 1406(a).  The transfer order specifically stated that "personal jurisdiction and proper venue existed in New Jersey at the commencement of this suit."  *Id*. at 164.  After the suit was transferred, the plaintiff argued that there was no personal jurisdiction in New Jersey over one of the defendants.  Therefore, the plaintiff claimed that the matter could not have been transferred there.  Judge H. Lee Sarokin of the District of New Jersey agreed and found that the case was improperly transferred.  Accordingly, Judge Sarokin re-transferred the matter to the District of Columbia.  The defendants then petitioned the Third Circuit Court of Appeals for a writ of mandamus or prohibition preventing Judge Sarokin's re-transfer order.

On appeal, the Third Circuit reversed Judge Sarokin's order.  Applying the law of the case doctrine, the Third Circuit noted that the District Court for the District of Columbia made a specific determination that personal jurisdiction existed in New Jersey.  *Id*. at 166.  Therefore, according to the Third Circuit, that ruling became law of the case.  As such, Judge Sarokin was constrained in reconsidering this decision.  The Third Circuit noted that applying the law of the case doctrine was consistent with the rule of judicial comity.  *Id*. at 168.  Specifically, the court noted:

> Adherence to the law of the case principles is even more important in this context where the transferor judge and the transferee judge are not members of the same court.  Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.

*Id*. at 169.  The court also noted that application of the law of the case doctrine was important for maintaining an orderly judicial process.  On this point, the court cited a decision from the District of Delaware where a judge was faced with a similar motion to re-transfer.  In that case, the judge succinctly summarized the reason why courts should refrain from re-transferring matters:

> It is not only the principle of comity and the fact that [the transferor court's] opinion may be likened, at this stage, to the "law of the case" which compels me to this conclusion, but, what seems of most importance to me are considerations for the orderly functioning of the judicial process.  If I should grant plaintiff's motion and say, in effect,

4

> to [the transferor court], "You were wrong in transferring this case to
> Delaware," I do not think he, in turn, would be any more bound to take
> and try the case on the merits, thereby respecting my views, than I had
> shown myself to be in ignoring his considered judgment.  If both [the
> transferor court] and I were obdurate in our positions, this case could
> conceivably shuttle back and forth interminably between California and
> Delaware.  Such an eventuality should be avoided.

*Id.* at 169 n.8 (quoting *Gulf Research & D. Co. v. Schlumberger Well Sur. Corp.*, 98 F. Supp. 198, 201 (D. Del. 1951)).  Based on this reasoning, Third Circuit in *Hayman* reversed Judge Sarokin's transfer order.  The Third Circuit then remanded the matter to Judge Sarokin for a determination regarding whether one of the above-mentioned exceptions to the law of the case doctrine applied.  Later decisions have followed *Hayman*'s reasoning and declined to re-transfer matters based on the law of the case doctrine.  *See, e.g., Christianson*, 486 U.S. at 816 ("Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation") (citing *Hayman*, 669 F.2d at 169).

The instant matter is similar to *Hayman*.  Here, Judge Illston made a decision that venue for the California Actions is appropriate in the District of New Jersey.  Based on this decision, she issued a transfer order.  Her decision regarding transfer is now law of the case.  Therefore, the Court is bound by her ruling unless one of the exceptions to the doctrine applies.[3]

Here, none of the exceptions apply.  First, Plaintiffs were not constrained in challenging Judge Illston's order.  They could have challenged her order by filing a motion for reconsideration or a petition for a writ of mandamus with the Ninth Circuit Court of Appeals.  *See Hayman*, 669 F.2d at 168-69 ("If the party opposing the transfer believes the decision is erroneous, it can either seek reconsideration in the transferor court, or else petition for a writ of mandamus in the court of appeals of the circuit in which the transferor court is located.").  They chose not to, though.  Second, there is no new evidence in this case.  While an argument could be made that our dismissal of *In re Franklin Mutual Funds* constitutes new evidence, this happened

---

[3]Plaintiffs attempt to distinguish *Hayman* and *Christianson* by noting that they only involved the re-litigation of whether personal jurisdiction existed over a defendant.  The Supreme Court, though, implicitly rejected this argument in *Christianson* where they noted that the law of the case doctrine applies with equal force to any issue "jurisdictional or non-jurisdictional." *Christianson*, 486 U.S. at 816 n.5; *see also Bingo Brain, Inc. v. California Concepts, Inc.,* No. 99-6139, 2000 U.S. Dist. LEXIS 7324, at *12-13 (N.D. Ill. May 26, 2000) (applying law of the case to previous transfer decision based, among other things, on convenience grounds).

5

*after* Judge Illston's transfer order.  Therefore, its dismissal is irrelevant to our inquiry.[4]  If the matter were dismissed before Judge Illston transferred the matter, our conclusion might be different.  Third, there is no new law applicable to this matter.  Finally, Judge Illston's order does not even approach the showing necessary to establish that her decision is clearly erroneous and would work a manifest injustice.  If anything, transferring the matter back to California would reward Plaintiffs for their forum shopping, and would promote an injustice.  Therefore, the Court shall adhere to Judge Illston's order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to transfer the California Actions back to the United States District Court for the Northern District of California is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

_____

**William J. Martini, U.S.D.J.**

---

[4]On this point, the Court further notes the irrelevancy of this fact.  The *In re Franklin Mutual Funds* litigation would eventually end at some point in time, either through dismissal, summary judgment, or trial.  It would be highly inappropriate to allow this inevitable fact to suddenly call into question the propriety of Judge Illston's transfer order, thereby opening-up the possibility of re-transfer at any point in time.  Furthermore, the Court notes that Judge Illston relied upon more than the mere pendency of *In re Franklin Mutual Funds* in transferring the California Actions.  She also relied upon the Court's extensive familiarity of the actions and, more importantly, Plaintiffs' blatant attempt to engage in forum shopping in the Northern District of California.