**GUTRIDE SAFIER REESE LLP**
Michael R. Reese
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: 212.579.4625
Facsimile: 212.253.4272

**GUTRIDE SAFIER REESE LLP**
Seth A. Safier
835 Douglas Street
San Francisco, California 94114
Telephone: 415.271.6469
 Facsimile: 415.449.6469

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Bruce D. Greenberg
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: 973.623.3000
Facsimile: 973.623.0858

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN ALEXANDER, Individually And On Behalf Of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>vs.<br><br>FRANKLIN RESOURCES, INC.; FRANKLIN ADVISERS, INC.; and FRANKLIN/TEMPLETON DISTRIBUTORS, INC.<br>                          Defendants. | Case No. 2:07-cv-00848-WJM-MF<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT<br><br>Return Date: |

# TABLES OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 2

    I. STANDARD ON A MOTION TO DISMISS ............................................ 2

    II. THE COMPLAINT STATES A DIRECT CLAIM .................................... 2

    III. ALTERNATIVELY, DERIVATIVE CLAIMS CAN BE
        MAINTAINED UNDER THE SECURITIES EXCHANGE ACT ........... 3

    IV. DEFENDANTS SHOULD BE JUDICIALLY ESTOPPED
        FROM MAKING ARGUMENTS INCONSISTENT WITH
        THEIR PRIOR POSITION ......................................................................... 4

    V. DEFENDANTS' "PLACEHOLDER ARGUMENTS" ARE
        IMPROPERLY RAISED AND SHOULD BE REJECTED ....................... 5

    VI. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED ........ 5

CONCLUSION ....................................................................................................... 6

# TABLES OF AUTHORITIES

**Cases**                                                                                **Page(s)**

*Bell Atlantic* Corp. v. Twombly,
    550 U.S. ___ , 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................2

*Cramer v. General Tel. & Electronics Corp.*,
    582 F.2d 259 (3d Cir. 1978) ...............................................................................3

*In re Exxon Mobil Corp. Sec. Litig.*,
    No. 05-4571, 2007 U.S. App. LEXIS 20460 (3d Cir. Aug. 27, 2007) ............2

*In re Franklin Mut. Funds Fee Litig.*,
    No. 04-982 (WJM) ..............................................................................................1

*In re Franklin Mut. Funds Fee Litig.*,
    478 F. Supp. 2d 677 (D.N.J. 2007) ...........................................................Passim

*Long v. Wilson*,
    393 F.3d 390 (3d Cir. 2004) ...............................................................................5

*Montrose Med. Group Participating Sav. Plan v. Bulger*,
    243 F.3d 773 (3d Cir. 2001) ...............................................................................4

*Osio v. Demane*,
    Civil Action No. 05-2283 (JLL),
    2006 U.S. Dist. LEXIS 22303 (D.N.J. March 29, 2006) ................................5

*Paskowitz v. Wohlstadter*,
    822 A.2d 1272 (Md. Ct. Spec. App. 2003) .......................................................3

*Pappas v. Moss*,
    393 F.2d 865 (3d Cir. 1968) ...............................................................................4

**Rules**

Fed.R.Civ.P. 15(a) ......................................................................................................6

## INTRODUCTION

Defendants go to great pains to paint the above-captioned case as an exact replica of *In re Franklin Mut. Funds Fee Litig.*, No. 04-982 (WJM). It is not. The present case involves different types of injury in violation of federal statutes not presented in *In re Franklin Mut. Funds Fee Litig.* Importantly, these causes of action unique to the present case are undeniably direct, not derivative.

For example, the Complaint seeks return of the commissions paid by investors when they purchased their Franklin Funds. It is undisputed that these commissions are paid directly by the investor, not by the mutual funds. In fact, Defendants' own Prospectuses state as much. Accordingly, because the Complaint unquestionably states a direct claim, Defendants' Motion to Dismiss should be denied.

Second, Defendants should be judicially estopped from making the arguments they present here, as those contentions are inconsistent with the arguments these same Defendants made in *In re Franklin Mut. Funds Fee Litig.* In that case, Defendants argued that the claims there were preempted by the Securities Exchange Act governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This Court agreed and dismissed that case as preempted. Here, however, all claims are brought pursuant to the Securities Exchange Act. But now that Defendants are presented with a case that alleges violation of the Securities Exchange Act, Defendants assert that the case cannot be brought

1

pursuant to these laws. Defendants cannot have it both ways. Accordingly, their motion to dismiss should be denied for the separate reason of judicial estoppel.

## ARGUMENT

### I. STANDARD ON A MOTION TO DISMISS

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *In re Exxon Mobil Corp. Sec. Litig.*, No. 05-4571, 2007 U.S. App. LEXIS 20460, *2 (3d Cir. Aug. 27, 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)) . Here, Defendants move for dismissal solely on the grounds that the Complaint fails to state a direct, as opposed to a derivative, claim. As discussed below, Defendants are wrong – the Complaint does state a direct claim. Accordingly, Defendants' motion to dismiss should be denied.

### II. THE COMPLAINT STATES A DIRECT CLAIM

The Complaint alleges that investors paid commissions directly out of their own pockets that they would not have paid had they known of the alleged kickback scheme. *See, e.g.*, Complaint at ¶6 (Plaintiff and other members of the class paid "commissions that they would not have paid otherwise had the kickback scheme been disclosed"); ¶49 (Plaintiffs "…would not have paid the commissions"). This cause of injury was not alleged in *In re Franklin Mut. Funds Fee Litig.* Moreover, Defendants fail to address this claim for damages in their Motion to Dismiss. However, there can be no doubt that such commissions come directly out of the

Plaintiff's own pocket – Defendants' own Prospectuses establish as much, stating that these costs are "SHAREHOLDER FEES (**fees paid directly from your investment**)." *See* Certification of Bruce D. Greenberg in Opposition to Defendants' Motion to Dismiss, Exhibit A (fee table for Templeton Foreign Fund dated January 1, 2003). Accordingly, because it is uncontested that the Complaint states a direct claim for the return of commissions to the investors, Defendants' Motion to Dismiss should be denied.[1]

### III. ALTERNATIVELY, DERIVATIVE CLAIMS CAN BE MAINTAINED UNDER THE SECURITIES EXCHANGE ACT

Even assuming that Defendants' argument that all claims in the Complaint are derivative (which, as shown supra, they are not), Defendants fail to state why this prevents these claims from being litigated pursuant to the Securities Exchange Act. Nor can Defendants do so, as derivative claims may in fact be maintained under the Securities Exchange Act. As stated by the Third Circuit in *Cramer v. General Tel. & Electronics Corp.*, 582 F.2d 259 (3d Cir. 1978), "[w]here it is alleged that corporate officials have defrauded the corporation in connection with the purchase or sale of securities, a shareholder's derivative action under § 10(b)

---

[1] Even if some of the claims could be interpreted as derivative, which they should not be, if any of the allegations are direct, such as the commissions here, the action must survive Defendants' Motion to Dismiss. *See, e.g., Paskowitz v. Wohlstadter*, 822 A.2d 1272, 1277 (Md. Ct. Spec. App. 2003) ("when a shareholder's complaint states a cause of action that is both direct and derivative, the shareholder may proceed with the direct action").

3

can be maintained against those officials." *Id.* at 270, citing *Pappas v. Moss*, 393 F.2d 865, 869 (3d Cir. 1968).

### IV.  DEFENDANTS SHOULD BE JUDICIALLY ESTOPPED FROM MAKING ARGUMENTS INCONSISTENT WITH THEIR PRIOR POSITION

Defendants previously argued that *In re Franklin Mut. Funds Fee Litig.* should be dismissed because the claims there were preempted by the Securities Exchange Act. This Court agreed and dismissed the case in its entirely based upon grounds of preemption. *In re Franklin Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677, 682 (D.N.J. 2007).

The present case brings claims solely pursuant to the Securities Exchange Act, as Defendants previously asserted was required. Yet, Defendants now essentially argue that this case is improperly brought pursuant to the Securities Exchange Act. Defendants' position is completely inconsistent with their prior argument relied upon by this Court in dismissing *In re Franklin Mut. Funds Fee Litig.* Accordingly, Defendants should be judicially estopped from moving for dismissal upon the grounds stated in their Motion. *See, e.g., Montrose Med. Group Participating Sav. Plan v. Bulger,* 243 F.3d 773, 781 (3d Cir. 2001) (discussing the doctrine of judicial estoppel and its applicability).

4

## V. DEFENDANTS' "PLACEHOLDER ARGUMENTS" ARE IMPROPERLY RAISED AND SHOULD BE REJECTED

With absolutely no substantive discussion, Defendants claim that they may make additional arguments "if and when this Court requests briefing on these other grounds." Def. Mtn at 6. Courts repeatedly have rejected such conclusory, unsupported placeholder arguments as insufficient. *See e.g. Osio v. Demane*, Civil Action No. 05-2283 (JLL), 2006 U.S. Dist. LEXIS 22303 (D.N.J. March 29, 2006) ("judges are not like pigs, hunting for truffles buried in briefs"). Defendants chose to brief only the derivative argument. They cannot demand that this Court address other contentions that Defendants elected not to support with argument.

## VI. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED

Though Defendants' Motion to Dismiss should be denied in its entirety, if this Court grants any part of Defendants' Motion, Plaintiff hereby requests leave to amend to address any insufficiencies in the Complaint. Leave to amend is to be granted freely, and such leave is particularly appropriate in this case where the Complaint has not been previously amended. *See, e.g.*, Fed.R.Civ.P. 15(a); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings should be liberally granted").

5

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss should be denied in its entirety.

Dated:  October 22, 2007

                                      **LITE DEPALMA GREENBERG & RIVAS, LLC**

By: _____
Bruce D. Greenberg
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: 973.623.3000
Facsimile: 973.623.0858

**GUTRIDE SAFIER REESE LLP**
Michael R. Reese
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: 212.579.4625
Facsimile:  212.253.4272

**GUTRIDE SAFIER REESE LLP**
Seth A. Safier
835 Douglas Street
San Francisco, California 94114
Telephone:  415.271.6469
Facsimile:   415.449.6469

*Counsel for Plaintiffs*